IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SANDRA BELL | § |
| | § |
| VS. | § |
| | § |
| HOMESTEAD SENIOR CARE and | § |
| J&K ADMINISTRATIVE MANAGEMENT | § |
| SERVICES, INC. | § CIVIL ACTION NO. 4:08-CV-207-Y |
| | §    [EVEN DOCKET LAW CLERK] |
| VS. | § |
| | § |
| NATIONSRENT COMPANIES, INC., | § |
| as FIDUCIARY OF THE GOLD | § |
| CHOICE PLUS PLAN FOR | § |
| NATIONSRENT COMPANIES, INC., | § |
| and UNITED HEALTHCARE | § |

ORDER GRANTING MOTION FOR REMAND

This case began nearly two years ago in Texas state court as a tort action arising from injuries plaintiff Sandra Bell allegedly received while performing her duties as an employee of defendants Homestead Senior Care and J&K Administrative Management Services, Incorporated. NationsRent Companies, Incorporated, and United Healthcare intervened in the state-court action in March 2008, and removed the case to this Court. Plaintiff and Defendants[1] have joined in a motion (doc. #11) to remand this case back to state court. The dispositive issue is whether Bell's state-law causes of action fall within the scope of 29 U.S.C. § 1132(a), the civil

---

[1] For convenience, the Court will refer to Sandra Bell as either Plaintiff or Bell; Homestead Senior Care and J&K Administrative Management Services, Incorporated, as Defendants; and Nationsrent Companies, Incorporated, and United Healthcare as Intervenors.

1

enforcement mechanism of the Employee Retirement Income Security Act ("ERISA") and are therefore completely preempted. After review of the pleadings, the Court concludes that this case should be remanded to state court.

I. Background

Bell was hired by Defendants to provide companionship and non-medical home care for Defendants' elderly clients. As part of her duties, Bell would assist elderly clients in moving from their beds to wheel chairs and to toilets as well as other movements. In August 2005, Bell was assisting an elderly client in a move when the client lost her footing and began to fall. Bell maintained her hold on the client and guided the client gently to the floor. The elderly client landed on Bell causing injuries to Bell's back and other parts of her body. The injuries required medical care, including surgery, medicines, and therapy, and have prevented Bell from returning to work.

Bell filed suit in state court in August 2006 alleging statutory and common-law causes of actions against Defendants for failing to provide Bell with a safe workplace, failing to provide her with safe machinery and instrumentalities to perform her job, and failing to provide her with the rules and regulations and training for the safe performance of her duties. During the litigation in state court, Bell collected and filed voluminous

2

medical records and expenses presumably relating to her medical treatment resulting from her injuries. The records reflected that many of her medical expenses had been covered by United Healthcare.

At the time of her injuries, Bell, through her husband's employer, was a participant in the *Gold Choice Plus Plan* ("the plan") for intervenor NationsRent Companies, Incorporated. United Healthcare is the administrator of the plan. To date, the plan has paid $110,417.61 in benefits on behalf of Bell.

The plan provides Intervenors with a right of subrogation and reimbursement. Plaintiff and Defendants were placed on notice that Intervenors claimed a lien on any proceeds recovered by Bell. In December 2007, Defendants issued and served on United Healthcare a notice of corporate deposition and a subpoena *duces tecum*.[2] A corporate representative of United Healthcare appeared in January 2008, but stated that she could not testify to the matters contained in the notice and stated that she could not provide copies of the documents requested in the subpoena.

Defendants filed a motion to compel and for sanctions in the state court. The state court ordered United Healthcare to provide a corporate representative for deposition in Dallas, Texas, and to bring any and all documents responsive to the subpoena. The state court took the issue of sanctions against United Healthcare under

---

[2] Intervenors contest that they were properly served with the notice and subpoena. Whether United Healthcare was properly served, however, is not at issue here.

advisement.  Thereafter, Intervenors intervened in the state-court action and removed the case to this Court.

II. Analysis

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . ." may be removed to a federal district court.  Under this statute, a state-court action may be removed to federal court "only if the action could have originally been filed in the federal court."  *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir. 1989).  Removal jurisdiction, however, must be strictly construed because it implicates important federalism concerns.  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  Thus, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D.Tex. 1992).  The party removing the case enjoys the burden of establishing federal court jurisdiction.  *Frank*, 128 F.3d at 921-22.

Intervenors have invoked the Court's federal-question jurisdiction.  Federal-question jurisdiction may be exercised by the Court if the case presents any issues "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The presence or absence of federal-question jurisdiction

4

is governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475 (1998). This is because the plaintiff is considered the master of his complaint, and he is free to raise the claims he wishes to pursue and omit those he wishes to forsake. *Anderson v. American Airlines,* 2 F.3d 590, 593 (5th Cir. 1993). A "plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 399 (1987).

"There is an exception to the well-pleaded-complaint rule, though, if Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003)(en banc)(internal quotations and citations omitted). "ERISA is one of these statutes." *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 208 (2004). When a plaintiff's state-law claim seeks relief within the scope of ERISA's civil-enforcement provisions, the state-law claim is subject to complete preemption. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 66 (1987). Complete preemption "recharacterizes' preempted state-law claims as 'arising under' federal law for the purposes of . . . making removal available to the defendant." *McClelland v. Gronwaldt,* 155 F.3d 507, 516 (5th Cir. 1998).

5

Whether an action should be remanded is generally resolved by referring to the plaintiff's pleading at the time of removal. *See Texas v. Alliance Emple. Leasing Corp.*, 797 F. Supp. 542, 544 (N.D.Tex. 1992). The Court, however, may go beyond the pleadings to assess the propriety of removal should it need to do so. *See Id.*

Intervenors contend that "the [state-court] order . . . combined with a prior threat from Defendants to have the [state] court strike [their] lien, necessitated an intervention in the state court matter." (Intervenors Not. of Removal at 3.) Intervenors' basis for this Court's jurisdiction and the appropriateness of removal is as follows:

> The order . . . requires a United Healthcare representative to testify about the determination of . . . benefits to Plaintiff, to produce documents related to the . . . plan, and also imposes as yet undetermined sanctions against United Healthcare relating to its role as the . . . administrator. Because the order addresses the determination of rights under an ERISA plan (and impairs the assets of an ERISA plan via sanctions), [Intervenors] seek removal based upon a federal question and the exclusive jurisdiction granted under ERISA. [Intervenors] seek to enforce the terms of its ERISA plan and to enjoin acts that violate the terms of the plan. [Intervenors] seek protective relief from the order and to enjoin Defendants from requesting that the . . . lien be stricken.

(*Id.*)

ERISA is the principle federal statute that governs employee benefit plans. *See* 29 U.S.C. § 1001, *et seq*. Under ERISA, plans

6

fall into two categories: "employee pension benefit plans" and "employee welfare benefit plans." *See* 29 U.S.C. § 1002. Under 29 U.S.C. § 1002(1), an employee welfare benefit plan is, among other things:

> any plan . . . established or maintained by an employer . . . to the extent that such plan . . . was established or maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, [or] disability . . . .

For purposes of this motion all parties agree that the plan falls under ERISA.

ERISA contains two types of preemption. *See Ellis v. Liberty Life Assurance Co.,* 394 F.3d 262, 276 n.34 (5th Cir. 2004). The first falls under ERISA's civil-enforcement mechanism, 29 U.S.C. § 1132(a), and operates as a complete preemption. Any cause of action based on state law that in reality seeks to recover benefits due under an ERISA-governed plan, seeks to enforce rights under an ERISA-governed plan, or seeks to clarify rights to future benefits under the terms of an ERISA-governed plan, falls under ERISA's civil-enforcement mechanism and is subject to complete preemption. *See* 29 U.S.C. § 1132(a)(1)(B); *Aetna Health, Inc.,* 542 U.S. at 207-08 (2004). A cause of action under state law that "duplicates, supplements, or supplants the ERISA civil-enforcement remedy conflicts with the clear congressional intent to make the ERISA

7

remedy exclusive and is therefore preempted." *Id.*

Secondly, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). This is regarded as "'ordinary' or 'conflict' preemption, resulting in the displacement of state law." *Bullock v. Equitable Life Assur. Soc'y of the United States,* 259 F.3d 395, 399 (5th Cir. 2001)(citations omitted). "Conflict preemption . . . arises when a federal law conflicts with a state law, thus providing a federal defense to a state-law claim, but does not completely preempt the field of state law so as to transform a state-law claim into a federal claim." *Arana,* 338 F.3d at 439. "Conflict preemption does not allow removal to federal court but is an affirmative defense against claims that are not completely preempted under" ERISA's civil-enforcement mechanism (section 1132(a)). *Ellis,* 394 F.3d at 399 n.34.

In general, preemption will be found when "(1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities—i.e., the employer, plan administrators, fiduciaries, participants, and beneficiaries." *Bullock,* 259 F.3d at 399; *Holloway v. Avalon Residential Care Homes, Inc.,* 107 Fed. Appx. 398, 400 (5th Cir. 2004).

8

According to Bell's complaint, she seeks to recover damages resulting from personal injuries she sustained while assisting an elderly client of Defendants. Her complaint alleges common-law causes of action falling under and enhanced by the Texas workers' compensation laws. Her causes of action exist independently of the plan and would exist even if the plan did not exist. Bell is not seeking to recover from the plan and her complaint makes no mention of the plan. Her tort action affects only her employer-employee relationship with Defendants and is wholly independent of her participation in the plan provided through her husband's employment.

The only potential relationship between the plan and Bell's state-court action is that any recovery by Bell may be reduced through the plan's subrogation and reimbursement provision. That affect, if any, is at best incidental and it does not fall under ERISA's civil-enforcement mechanism.

Intervenors complain that the state court has directed United Healthcare, as the plan's administrator, to testify about how it determines benefits and to produce documents related to the plan. Though such an order from the state court in its broadest terms may touch on the plan, it is too peripheral to find that the state-court order relates to the plan. *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n.21 (1983)("Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a

9

manner to warrant a finding" of preemption.). The state-court order does not affect the relationship between beneficiaries, participants, or fiduciaries nor does it affect any duties beneficiaries, participants, or fiduciaries may have to one another; it does not purport to direct or regulate the administration of benefits or whether any beneficiary is entitled to any benefits; and it does not seek to regulate the plan in any fashion. Thus, the state court's order compelling United Healthcare to give testimony and to produce documents does not fall into any of ERISA's preemptions. But even assuming the state court's order is preempted by ERISA, it only falls under section 1144(a), ERISA's conflict preemption, and thus cannot be a basis for removal jurisdiction.

Further, the state court has not sanctioned United Healthcare; the order states that it has taken the issue of sanctions under advisement. Regardless, even assuming the state court will sanction United Healthcare, the state-court's order would not be preempted by ERISA. The sanctions are against United Healthcare for failing to comply with a subpoena; they are not directed at the plan. Simply because United Healthcare administers a plan falling under ERISA does not mean a state court is powerless to sanction United Healthcare for failing to obey a subpoena.

Intervenors also claim that removal is appropriate because they are seeking to enjoin Defendants from having their lien

stricken by the state court. There is no evidence that Defendants are seeking to have the state court strike Intervenors' lien. But assuming that is the case, that does not convert Bell's cause of action from a common-law tort action under the Texas workers' compensation laws into a federal cause of action under ERISA. In other words, Intervenors intervention does not change the nature of Bell's suit.

No federal jurisdiction could possibly exist absent Intervenors' intervention. But even if Intervenors' intervention inserted ERISA into Bell's state-court action, it arises as a federal defense to Defendants' actions and does not create federal-question jurisdiction. *See Aaron v. National Union Fire Ins. Co. of Pittsburgh v. American Home Ins. Group,* 886 F.2d 1157, 1161 (5th Cir. 1989)("The fact that a federal defense may be raised to the plaintiff's action——even if both sides concede that the only real question at issue is created by a federal defense——will not suffice to create federal-question jurisdiction."). Moreover, at best, Intervenors' intervention is merely derivative to the suit between Bell and Defendants and, therefore, cannot support this Court's having federal-question jurisdiction.

Numerous federal courts have adjudicated similar cases to the one here and have concluded that remand is appropriate. *See Holloway,* 107 Fed. Appx. at 399 (holding suit against employer alleging state-law causes of action for injuries sustained as the

11

result of unsafe workplace not preempted by ERISA); *Pyle v. Beverly Enterprises-Texas, Inc.,* 826 F. Supp. 206, 210-11 (N.D.Tex. 1993)(Fitzwater, J.)(holding employee tort claim arising from employer-employee relationship not preempted by ERISA); *Gibson v. Wyatt Cafeterias, Inc.,* 782 F. Supp. 331, 334-35 (E.D.Tex. 1992)(holding suit by employee against employer to recover damages from injuries sustained in workplace not preempted by ERISA); *Nunez v. Wyatt Cafeterias, Inc.,* 771 F. Supp. 165, 169 (N.D.Tex. 1991)(McBryde, J.)(common-law negligence claim asserted by employee against employer for injuries on the job not preempted by ERISA); *Portillo v. Convalescent Enterprises, Inc.,* No. EP-05-CA-276-PRM, 2005 U.S. Dist. LEXIS 15160 *11-12 (W.D.Tex. Jul. 28, 2005)(plaintiff's state-law negligence claims arising from on-the-job injury not preempted by ERISA); *Eurine v. Wyatt Cafeterias, Inc.,* No. 03-91-0408-H, U.S. Dist. LEXIS 13956 *13 (N.D.Tex. Aug. 21, 1991)(Sanders, J.)(holding ERISA did not preempt employee's slip-and-fall action against employer because claim affected employer-employee relationship and not ERISA relationship). Furthermore, other federal courts have held that the determination of liens asserted by a third party on a plaintiff's potential recovery pursuant to benefits paid through an ERISA-governed plan is ancillary to a state court's jurisdiction and not the proper basis for removal. *See Speciale v. Seybold,* 147 F.3d 612, 617 (7th Cir. 1998)(personal injury case resulting from car accident, adversarial

claims to a settlement fund between ERISA-plan subrogation claim and other statutory medical liens is not preempted by section 1132(a) of ERISA and allocation of settlement funds is matter for state court); *Serraiocco v. Seba,* 286 F. Supp. 2d 860, 865 (E.D.Mi. 2003)(state-law tort action arising from car accident, joined defendants' appeal to ERISA to determine allocation of settlement proceeds under subrogation provision fell under section 1144(a), ERISA's conflict preemption, and therefore not removable); *Delchamps, Inc. v. Continental Casualty Company,* No. 97-2553 Division L, 1998 U.S. Dist. LEXIS 1944 *7 (E.D.La. Feb. 11, 1998)(case remanded after defendant removed, claiming petition in intervention raised a federal question under ERISA). The Court sees no reason to alter this trajectory.

III. Conclusion

For the foregoing reasons, the Court GRANTS the motion to remand. Accordingly, this case is HEREBY REMANDED to the 348th Judicial District Court, Tarrant County, Texas.

Defendants have requested the Court award them $1650 in attorney's fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Accordingly, Intervenors shall pay Defendants $1650 in attorney's fees incurred as a result of the removal within ten days.

SIGNED May 5, 2008.

                                                                                  _____
                                                                                  TERRY R. MEANS
                                                                                  UNITED STATES DISTRICT JUDGE